```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-21752-CIV-ZLOCH
                              MAGISTRATE JUDGE P. A. WHITE
```

JOSE ORTIZ RODRIGUEZ,              :

    Plaintiff,                     :

v.                                 :
                                                            PRELIMINARY REPORT
FLORIDA DEPARTMENT OF              :     OF MAGISTRATE JUDGE
CORRECTIONS, ET AL.,

    Defendants.                    :
_____

## I. Introduction

The plaintiff Jose Ortiz Rodriguez, currently housed at the South Florida Reception Center[1], has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief concerning events that occurred at several correctional institutions from 1998 to 2006. [DE# 1]. The plaintiff has been granted leave to proceed *in forma pauperis*. [DE# 7].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[1] The docket shows that the plaintiff is incarcerated at the Glades Correctional Institution, which was apparently his place of incarceration at the time he filed this civil action. The records of the Florida Department of Correction (website) shows the plaintiff's current place of incarceration as the SFRC. The plaintiff must keep the Clerk informed of his current address at all times.

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6),

2

and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quotations and citations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

A. <u>Statement of Claims</u>

The plaintiff names the following defendants:

1. Florida Department of Corrections ("DOC")
2. Wakulla Correctional Institution ("WCI")
3. Lake Butler Medical Institution
4. Okeechobee Correctional Institution ("OCI")
5. Jane Doe I, Ranking Officer, Glades Correctional Institution ("GCI")
6. Jane Doe II, Staff Officer, GCI
7. Jane Doe III, Officer, GCI
8. Jane Doe IV, Ranking Officer, GCI
9. Jane Doe V, Ranking Officer, GCI
10. Jane Doe VI, Ranking Officer, GCI
11. John Doe I, Ranking Officer, GCI
12. John Doe II, Ranking Officer, GCI
13. John Doe III, Officer, GCI
14. Dr. Wade

The plaintiff raises the following allegations. He was sentenced and ordered in to the custody of the Florida DOC in 1998, and he was incarcerated at WCI from 1998 to 2003. The plaintiff has had seizures since he was an infant, and he so advised the WCI medical department. Despite suffering up to 25 seizures at WCI, he received no treatment or medication.[2] In 2003, he was transferred to Lake Butler. At this facility, he was tested in an attempt to discover what was wrong with him, and nothing was discovered. As a result, he received no treatment or medication. The plaintiff

---

[2] Depending on the date in 2003 the plaintiff left WCI, some or all of his claims arising at WCI may be barred by the applicable four-year statute of limitations.

was subsequently transferred to the OCI, where he received no medical care for the seizures. In August, 2006, he was transferred to GCI. Upon his entry into GCI, he informed Jane Doe I that he suffered from seizures and had a pass for a bottom bunk with a no-climbing restriction. Nevertheless, Jane Doe I placed him on a second tier cell where the plaintiff had to climb stairs. On October 1, 2006, the plaintiff had a seizure and fell down the stairs, injuring his knee, finger and back. He was taken to the infirmary and released the next day, and he had another seizure. The plaintiff had a third seizure on October 3, 2006 and was taken to the clinic. A few days later, he was prescribed the prescription medication Dilantin. The plaintiff states that he was placed on the top tier after each of his seizures, apparently only falling down stairs after the first seizure, and was reassigned to a bottom tier only after begging the dorm sergeant.

In an amendment filed simultaneously with the complaint, the plaintiff alleges that Dr. Wade took him off the medication and as a result he has suffered several seizures since June 4, 2007, on which date he fell and shattered his glasses, which has limited his vision and is giving him severe headaches.

The plaintiff also alleges that GCI did not investigate the accident and failed to answer his grievances. He seeks an injunction prohibiting future retaliation but seeks no relied for alleged past retaliatory conduct.

The plaintiff raises the following specific allegations against each individual defendant. The plaintiff alleges that Jane Doe I and Jane Doe VI violated his constitutional rights by ignoring his bottom bunk/no-climbing pass and his repeated pleas to be assigned to a bottom bunk, which resulted in his physical

injuries when he suffered a seizure and fell down stairs. The plaintiff alleges that Jane Doe II failed to change his housing assignment, which he contends she had the power to do despite her statement that she had no authority to move his cell. The plaintiff alleges that Jane Doe III violated his constitutional rights by failing to move him to a bottom tier after he had three consecutive seizures, and forcing him to work on the top tier. The plaintiff also alleges that Jane Doe IV and Jane Doe V violated his constitutional rights by ignoring his requests to be placed on the bottom tier although they were aware of his medical condition. The plaintiff raises no allegations of wrongdoing against John Does I-III.

B. Analysis

1. Defendant Florida DOC

The Florida Department of Corrections cannot be sued in a §1983 suit for damages because the State of Florida and its agencies are granted immunity from suit by the Eleventh Amendment. Gambel v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509 (11 Cir. 1986). In order to be amenable to suit under 42 U.S.C. §1983, a named defendant must be a person within the meaning of the statute. Neither "states nor governmental entities that are considered arms of the State for 11th amendment purposes are persons under Section 1983." Will v. Michigan Dept. of State Police , 491 U.S. 58, 70 (1989). Accordingly, the FDOC, an arm of the State of Florida, is not amenable to suit under §1983. Id.; see also Pointer v. Missouri Department of Corrections, 46 Fed.Appx. 385 (8 Cir. 2002)(Missouri Department of Corrections not a person); Greffey v. State of Ala. Dept. of Corrections, 996 F.Supp. 1368, 1381 (N.D.Ala. 1998) (Alabama Department of

6

Corrections not a person); Staples v. Virginia Department of Corrections, 904 F.Supp. 487 (E.D.Va. 1995)(Virginia Department of Corrections not a person); Taormina v. California Department of Corrections, 946 F.Supp. 829, 832-33 (S.D.Cal. 1996)(California Department of Corrections not a person).

### 2. Defendants WCI, Lake Butler Medical Institution and OCI

The plaintiff seeks to sue these correctional institutions for the failure to be provided medical care. These institutions are not persons subject to suit in a federal civil rights action and must be dismissed as parties to this action.[3] Nevertheless, as discussed below, the plaintiff has failed to state a constitutional claim for denial of medical care against any individuals at any of these institutions.

### 3. Defendants John Does I-III

The plaintiff raises no allegations that any of these three unidentified defendants violated his constitutional rights. These defendants should be dismissed as parties to this action.

### 4. Failure to Investigate/Respond to Grievances

The failure of unidentified prison officials to investigate the plaintiff's fall does not, in and of itself, state a claim for constitutional relief. Further, the Constitution does not entitle

---

[3] The plaintiff names GCI and SFRC as defendants in the caption, but not in the list of defendants in the body of the Complaint. These entities, too, are not persons and are subject to dismissal.

prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that the claims concerning failure to provide a grievance form and failure to act on the plaintiff's written and verbal grievances be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### 5. Denial of Medical Care

As detailed above, the plaintiff alleges that seven different individuals at GCI were deliberately indifferent to his serious medical needs. He alleges that Jane Doe I and Jane Doe VI ignored his bottom bunk/no-climbing pass and his repeated pleas to be assigned to a bottom bunk; Jane Doe II failed to change his housing

8

assignment; Jane Doe III failed to move him to a bottom tier after he had three consecutive seizures and forced him to work on the top tier; Jane Doe IV and Jane Doe V ignored his requests to be placed on the bottom tier although they were aware of his medical condition; and Dr. Wade discontinued his prescription medication.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40

9

F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an

10

Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1.  Serious Medical Need

The plaintiff has sufficiently alleged that he had a serious

11

medical need.  Seizures are serious medical conditions, whether they occur as a result of a diagnosed condition, such as epilepsy, see Hudson v. McHugh, 148 F.3d 859, 864 (7 Cir. 1998), or from an unknown or undiagnosed condition.  As the plaintiff has demonstrated a serious medical need, the analysis can continue to determine whether the plaintiff has sufficiently alleged deliberate indifference.

2. Deliberate Indifference

The plaintiff has set forth a cognizable claim for relief against Dr. Wade but has failed to state a claim against any of the six "Doe" defendants.  The plaintiff alleges that Dr. Wade discounted the medication that had prevented seizures for no reason and without approval, and that Wade is aware that the seizures have returned but has failed to provide treatment.  The Complaint may be liberally construed to raise an inference that Dr. Wade's alleged interference with the prescribed treatment and failure to respond to a known medical problem constitutes deliberate indifference.

The plaintiff has failed to raise sufficient facts to even raise an inference that any of the six "Doe" defendants, none of whom is a medical provider, acted with the culpable state of mind to be deliberately indifferent to the plaintiff's serious medical needs.  Although these defendants may not have permitted the plaintiff to be housed on a bottom tier, their failure to do so is not deliberate indifference, but might be, at best, negligence. The plaintiff attempts to make a causal connection between these defendants' failure to assign him to a bottom bunk and his subsequent fall down stairs after a seizure, and the possibility that he might fall again.  It would be unlikely that there could be an actionable causal connection between the defendants' inaction and the plaintiff's physical injuries, and under these facts there

is no deliberate indifference.

The plaintiff has not specified whether he intended to sue the defendant Wade in his individual or official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant Wade in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III.  Recommendation

Based on the foregoing, it is recommended that:

1. The case remain pending only against the defendant Dr. Wade, in his individual capacity.

2. The remaining be dismissed as parties to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 14th day of October, 2007.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE


cc:   Jose Ortiz Rodriguez, Pro Se
      No. M16789
      South Florida Reception Center
      14000 N.W. 41st Street
      Doral, FL 33178-3003