```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-21752-CIV-ZLOCH
                              MAGISTRATE JUDGE P. A. WHITE
```

JOSE ORTIZ RODRIGUEZ,           :

    Plaintiff,               :

v.                              :
                                                   REPORT OF
FLORIDA DEPARTMENT OF           :   MAGISTRATE JUDGE
CORRECTIONS, ET AL.,

    Defendants.              :
_____

      The plaintiff Jose Ortiz Rodriguez, currently housed at the Glades Correctional Institution, filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief concerning events that occurred at several correctional institutions from 1998 to 2006. [DE#'s 1, 5]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 7].

      The plaintiff seeks to amend the Operative Complaint to raise a claim that S. Tucker, the library supervisor at Glades CI, has refused to permit to use the law library and has refused to provide supplies and copying services. [DE# 57]. The proposed amended complaint is subject to an initial screening pursuant to 28 U.S.C. §1915. The plaintiff alleges that Tucker has violated his constitutional right to access to the courts. In addition, it appears that the plaintiff seeks an order directing Tucker to provide him access and services, as he filed a partial motion in connection with his identification of Defendant Bostic. [DE# 60].

      Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport,

697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, <u>Love v. Summit County</u>, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

    To sufficiently allege a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. <u>Jenkins v. Lane</u>, 977 F.2d 266, 268 (7 Cir. 1992), quoting <u>Shango v. Jurich</u>, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. <u>Martin v. Davies</u>, 917 F.2d 336, 338 (7 Cir. 1990), <u>cert. denied</u>, 501 U.S. 1208 (1991).

    In the case of <u>Lewis v. Casey</u>, <u>supra</u>, the Supreme Court made clear that not just any prejudice will suffice. In <u>Lewis</u>, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved. <u>Id.</u> at 349-353. It is not sufficient to merely allege, for example, the denial of access to a law library, even if the denial is ongoing in nature. <u>Id.</u>, at 353 n.4. The Court also stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." <u>Id.</u>, at 354. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, <u>Id.</u>, or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" <u>Id.</u> at 354 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579 (1974)).

In this case, the plaintiff has failed to allege any facts which show that he has suffered any prejudice due to his apparent inability to use the law library. He has not alleged how he has actually been prejudiced in this ongoing litigation. Moreover, the inability to make photocopies, in and of itself, does not raise a constitutional claim for relief. See Loque v. Chatham County Detention Center, 152 Fed.Appx. 781 (11 Cir. 2005)(dismissing access to courts claim based on denial of photocopies when the plaintiff failed to allege actual injury, that his habeas corpus petition was dismissed based on missing attachments); Miller v. Donald, 132 Fed.Appx. 270 (11 Cir. 2005)(same).

For the foregoing reasons, it is recommended that the amended complaint [DE# 57] raising claims alleging denial of access to the courts be dismissed for failure to state a claim for relief.

Further, the plaintiff is not entitled to a preliminary injunction. This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

The plaintiff does not state a _prima facie_ case for preliminary injunctive relief.  As discussed above, the plaintiff cannot show that there is a substantial likelihood that he will prevail on the merits of a denial of access claim, nor he has he has not adequately shown any indication of _immediate_, _irreparable_ harm.  The plaintiff's allegations do not indicate that there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; that there is any threatened injury to the plaintiff such that any such injury outweighs the potential harm the injunction may do to the defendants; nor that the public interest will not be impaired if the injunction is granted.

### III.  _Recommendation_

Based on the foregoing, it is recommended that:

1. The Amended Complaint [DE# 57] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

2. The implied motion for a preliminary injunction [DE# 60] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jose Ortiz Rodriguez, <u>Pro Se</u>
No. M16789
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL 33430-5222

Carmen Yolanda Cartaya, Esq.
Marilyn Garcia, Esq.
McIntosh, Sawran, Peltz & Cartaya
19 West Flagler Street
Suite 520
Miami, FL 33130-4410

Erica Gary-Nelson, Esq.
Office of AAG
Ft Lauderdale
Attorney of Record